UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SHELIA MAXWELL | CIVIL ACTION 15-0309 |
| VERSUS | DISTRICT JUDGE DRELL |
| IASIS GLENWOOD REGIONAL MEDICAL CENTER, et al | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. 6,** referred to me by the district judge for report and recommendation.

Plaintiff sues IASIS Glenwood Regional Medical Center (Glenwood), its security company, Criterion Healthcare Security, Inc. (Criterion), and "John Doe", a placeholder for the unknown security guard or guards all of whom are sued for damages as a result of an assault which occurred in the hospital parking lot. Plaintiff is a resident of Louisiana and defendants, Glenwood and Criterion, are residents of Delaware and Tennessee, respectively. Plaintiff alleged that "John Doe" is a resident of Louisiana even though his identity is unknown.

Suit was filed January 5, 2015 in the 4th Judicial District Court, Ouachita Parish, Louisiana. Service of process was made on Glenwood and on Criterion on January 15, 2015.

Glenwood timely removed the case to this court on February 12, 2015 attaching the written consent to removal of Criterion. Glenwood also alleged that "John Doe" was "fraudulently" joined to defeat jurisdiction.

1

In this motion to remand, plaintiff asserts that Criterion waived its right to remove by filing an answer and discovery requests in the state court, that Glenwood failed to state a reason in its removal petition for Criterion's failure to join in the removal (as opposed to its consent), and argues that "John Doe" was not fraudulently joined.

## Analysis.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.

### Consent of all properly served defendants.

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). In addition, 28 U.S.C. §1446(a) has been interpreted to require that all then served properly joined defendants join in the timely filed removal petition. See Getty Oil Corporation v. INA, 841 F.2d 1254 (5th Cir. 1988); Fontenot v. Global Marine, Inc., 703 F.2d 867, 870 n.3 (5th Cir. 1983)[1].

Plaintiff asserts that Criterion waived its right to remove the case by having filed an answer and discovery requests in state court, citing Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986).

Waiver of the statutory right to remove an action to federal court must be "clear and unequivocal." City of New Orleans v. Municipal Administrative Services, Inc., 376 F.3d 501,

---

[1] There are some narrow exceptions to this rule not applicable here.

504 (5th Cir. 2004), cert. denied, 543 U.S. 1187 (2005); Regis Assocs., 894 F.2d at 195; John's Insulation, Inc. v. Siska Constr. Co., 671 F.Supp. 289, 294 (S.D.N.Y. 1987). "The normal construction of the jurisdiction rules includes a presumption that, where jurisdiction exists, it cannot be ousted or waived absent a clear indication of such a purpose …." City of New York v. Pullman, Inc., 477 F.Supp. 438, 443 (S.D.N.Y. 1979).

The filing of an answer in state court does not evince an intent to litigate the matter there, but only that the filing party wishes to avoid a default judgment. Similarly, I do not find that the filing of discovery requests is the kind of action that clearly and unambiguously shows an intent to litigate in state court. In any event, Criterion is not the party who removed the case, Glenwood is. Criterion did not waive its right to consent to the removal by Glenwood.

Failure to state a reason for co-defendant's failure to join in removal

Next, mover suggests that the removal is defective because Glenwood failed to state a reason why Criterion didn't join in the removal, citing Courtney v. Benedetto, 627 F. Supp. 523 (M.D. La. 1986) and Lonthier v. Northwest Insurance Co., 599 F. Supp. 963 (W. D. La. 1985). Again, Criterion consented to the removal. While the failure of a named defendant to join in or consent to the removal should be explained (such as, for example, they had not yet been served), no explanation was needed why Criterion didn't join in the removal since it had consented to the removal. That is all that is required. 28 U.S.C. §1446(b)(2). This argument is frivolous.

"John Doe" as a diversity destroying defendant

Plaintiff argues that the naming of the security guard does not constitute fraudulent joinder. Plaintiff does not know the name of the security guard or guards but, nonetheless, alleged that the guard(s) resides in Louisiana. Plaintiff can't possibly know the residence of the

3

guard(s) is he doesn't know who they are. Further, the naming of a fictitious defendant serves no legal purpose in Louisiana. Such defendant may be ignored for purposes of determining whether complete diversity exists. 28 U.S.C. 1441(a). [2] See <u>Mjehovich v. Southern Natural Gas Co.</u>, 1989 WL 59864 (E. D. La. 1989) ("It is clear that the fictitious "John Doe" parties named by the plaintiffs in their complaint are not real parties in interest. Thus their presence does not destroy a diverse defendant's right to remove the case to federal court."). It is not necessary to determine whether "John Doe" was fraudulently joined.

For the foregoing reasons, IT IS RECOMMENDED that the motion to remand, doc. #6, be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE**

---

[2] Further, the naming of a solidarily liable defendant after prescription (the statute of limitations) has otherwise run would be timely even without the prior naming of a fictitious defendant; if the new defendant is not solidarily liable, the prior naming of a fictitious defendant does not serve to interrupt prescription against him.

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

      THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 2nd day of April, 2015.

                                                   JAMES D. KIRK
                                                 UNITED STATES MAGISTRATE JUDGE