UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHEILA MAXWELL** | **CIVIL ACTION NO. 15-0309** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **IASIS GLENWOOD REGIONAL MEDICAL CENTER, et al** | **MAG. JUDGE JAMES D. KIRK** |

### MEMORANDUM RULING

Before the Court is Plaintiff Sheila Maxwell's ("Maxwell") appeal [Doc. No. 26] of Magistrate Judge James D. Kirk's Memorandum Order [Doc. No. 25] denying Maxwell's motion to amend complaint [Doc. No. 20].

For the following reasons, Magistrate Judge Kirk's Memorandum Ruling is AFFIRMED, and Maxwell's appeal is DISMISSED.

**I.   LAW AND ANALYSIS**

   **A.   Standard of Review**

A party may file objections to a non-dispositive order of the Magistrate Judge within fourteen (14) days. Fed. R. Civ. P 72(a). The District Judge shall modify or set aside the Magistrate Judge's order only where it is shown to be "clearly erroneous or contrary to law." *Id*. Maxwell timely filed an appeal of Magistrate Judge Kirk's Order. Accordingly, this appeal is governed by Rule 72(a).

   **B.   Motion to Amend Complaint**

Maxwell appeals Magistrate Judge Kirk's Memorandum Order denying her motion to amend complaint. Maxwell's negligence case was originally filed in Louisiana state court. There

she sued Iasis Glenwood Regional Hospital ("Glenwood"); Glenwood's security company, Criterion Healthcare Security, Inc. ("Criterion"); and "John Doe," a placeholder for the unknown security guard or guards. [Doc. No. 25]. Maxwell is a resident of Louisiana, and Defendants Glenwood and Criterion are residents of Delaware and Tennessee respectively. *Id.* Maxwell alleged that "John Doe" was a resident of Louisiana, even though his identity was unknown, but, because this placeholder has no legal effect, Criterion and Glenwood removed the case to this Court on the basis of diversity of citizenship. *Id.*

After removal, the parties conducted discovery, and Maxwell learned that Bonita Herring-Honeycutt ("Herring-Honeycutt"), a citizen of Louisiana, was the unknown security guard. *Id.* Maxwell moved to remand the case to state court, but this Court adopted the Report and Recommendations of Magistrate Judge Kirk [ Doc. No. 14] and denied the motion [Doc. No. 18]. Maxwell then moved for leave to amend her Complaint to add Herring-Honeycutt as a defendant. [Doc. No. 20].

Federal Rule of Civil Procedure 15(a)(2) governs amendments to federal pleadings. The rule dictates that "a party may amend its pleadings only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." *Id.* When the plaintiff, by amendment, "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." *See Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182. (5th Cir. 1987). In such situations, "Justice requires that the district court consider [the so-called *Hensgens*]...factors to balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. *Tillman v. CSX Transp. Inc.*, 29 F.2d 1023, 1029 (5th Cir. 1991) (citing *Hensgens*, 833 F.2d at 1182). These factors include: (1) the extent to which the purpose of the

amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.

In the instant case, the Magistrate Judge applied the *Hensgens* factors and determined that Maxwell should not be allowed leave to amend and add the non-diverse defendant, Herring-Honeycutt. The decision to apply the *Hensgens* factors is not contrary to law, and the Magistrate Judge's application of the factors is not clearly erroneous.

Maxwell argues this Court should overturn Magistrate Judge Kirk's Order because it is based, at least in part, on the Magistrate Judge's assertion that "the claim against the guard is prescribed." [Doc. No. 25]. She correctly notes that suit against one solidary obligor serves to interrupt prescription as to the other solidary obligors. LA. CIV. CODE art. 1799. Therefore, suit against Herring-Honeycutt's employer, Criterion, served to interrupt prescription as to Herring-Honeycutt for any negligent actions in the course and scope of her employment. The Magistrate Judge's point, however, is that any suit against Herring-Honeycutt at this point would be untimely but for the Louisiana rule that prescription interrupted against one solidary obligor is interrupted for all. So, any claims Maxwell had solely against Herring-Honeycutt are prescribed. Accordingly, Herring-Honeycutt's presence in the suit is unnecessary because Maxwell can recover all damages for the only viable claims from Criterion, Herring-Honeycutt's employer. [Doc. No. 29]. And, although the necessity of a party is not an explicit factor in the *Hensgens* analysis, it can surely be relevant when determining the purpose of the amendment and the potential prejudice to the plaintiff should the court deny leave to amend. *See Williams v. New Orleans Terminals, LLC*, No. 12-2913, 2013 WL 160429 at *5 (E.D. La. Jan. 15, 2013) (noting a low risk of prejudice to plaintiffs in situations where motion to amend and add a non-diverse

employee is denied but recovery against the employer is still available under *respondeat superior*.) Moreover, even if the Magistrate Judge's order is read to assume that all claims against Herring-Honeycutt are prescribed, the rest of his reasoning adequately supports the order under the standard of review.

Maxwell also asserts that the Magistrate Judge's decision to deny the proposed amendment is incorrect because Maxwell was not dilatory in her attempts to add Herring-Honeycutt. However, whether the plaintiff has been dilatory in asking for the amendment is not dispostive under the *Hensgens* analysis; no one factor is conclusive. *Id.* at *4.

Finally, Maxwell argues the amendment's purpose is not to defeat federal jurisdiction. Under the theory of *respondeat superior*, any claims Maxwell has against Herring-Honeycutt can be asserted against the employer. Indeed, Criterion does not contest that Herring-Honeycutt was within the course and scope of her employment at the time of her accident, nor does Maxwell argue that Criterion is insolvent or uninsured. [Doc. No. 25]. Thus, Maxwell will likely turn to Criterion for relief, not Herring-Honeycutt. As a result, the Magistrate Judge concludes the proposed amendment's purpose is to defeat jurisdiction. [Doc. No. 25]. This conclusion is not clearly erroneous. Maxwell's alternative explanation for the amendment, that she seeks it in order to enhance discovery against Herring-Honeycutt, is not persuasive enough to carry the day under the standard of review. As Criterion notes in its Memorandum in Opposition [Doc. No. 29], if Maxwell needs to depose Herring-Honeycutt, she will have the full subpoena authority of this Court to ensure Herring-Honeycutt's presence.

### III. CONCLUSION

For the foregoing reasons, Magistrate Judge Kirk's Memorandum Order [Doc. No. 25] is AFFIRMED, and Maxwell's appeal [Doc. No. 26] is DISMISSED.

MONROE, LOUISIANA this 1st day of September, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE